# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARTIN and CHRISTINA SHAW, | ) | |
| d/b/a as C & M TAXI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-52 ACL |
| | ) | |
| CITY OF SIKESTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. On March 16, 2018, the Court ordered plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs have failed to respond to the Court's Order to Show Cause. For the reasons outlined below, the Court will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Discussion

Plaintiffs allege that they run a business known as C&M Taxi in the city of Sikeston, Missouri. They claim that defendant Charles Leible Toolz used a photo of their vehicle without their consent in its advertising materials. Plaintiffs further contend that defendant, the city of Sikeston, has passed an ordinance singling out taxi drivers requiring background checks on drivers. Plaintiffs believe that this is discriminatory with regard to who they can employ.

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

Because the complaint did not allege a basis for this Court's jurisdiction, the Court, on March 16, 2018, required plaintiffs to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiffs failed to respond to the Court's Order to Show Cause, and their time for doing so has long passed.

After reviewing plaintiff's complaint in its entirety, the Court finds once again that the instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Additionally, there is no indication in the complaint that diversity jurisdiction exists because plaintiffs and defendants reside in the same state and the amount in controversy does not exceed $75,000. As a result, this action will be dismissed for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7<u>th</u> day of May, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE